IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA

v.                     CRIMINAL NO. 05-8 ERIE

MICHAEL KOSTENIUK


CHANGE OF PLEA



Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Friday, March 10, 2006.



APPEARANCES:
CHRISTIAN A. TRABOLD, Assistant United States
Attorney, appearing on behalf of the Government.

THOMAS W. PATTON, Assistant Federal Public

Defender, appearing on behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1          P R O C E E D I N G S

2

3          (Whereupon, the Change of Plea began at 10:00 a.m.,

4   on Friday, March 10, 2006, in Courtroom C.)

5

6          THE COURT:  Mr. Kosteniuk, I'm informed that you

7   wish to change the plea you previously entered at Counts One

8   and Two of Indictment No. 05-8 Erie to a plea of guilty, is

9   that correct, sir?

10          THE DEFENDANT:  That's correct.

11          THE COURT:  Before accepting your guilty plea, there

12   are a number of questions that I will ask you to make certain

13   that it is a valid plea.  If you do not understand any

14  question, please tell me, and I will give you the opportunity

15  to consult with Mr. Patton.  I give you these instructions

16  because it is essential to a valid plea that you understand

17  every question before you answer it.  Would you please

18  administer the oath.

19          THE CLERK:  Please raise your right hand.

20          (Whereupon, the Defendant, MICHAEL KOSTENIUK, was

21  sworn.)

22          THE COURT:  Do you understand that now that you have

23  been sworn, your answers to my questions are subject to the

24  penalties of perjury or of making a false statement if you do

25  not answer truthfully?


                                3


1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Would you please tell me your full name?

3          THE DEFENDANT:  Michael Gregory Kosteniuk.

4          THE COURT:  How old are you?

5          THE DEFENDANT:  Thirty-nine.

6          THE COURT:  How far did you go in school?

7          THE DEFENDANT:  College graduate.

8          THE COURT:  And you can communicate in English?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  That has been your experience, Mr.

11   Patton?

12          MR. PATTON:  Yes, sir.

13          THE COURT:  Have you taken any drugs or medication

14   or have you drunk any alcoholic beverages in the past 24 hours?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  Are you now or have you recently been

17   under the care of a physician or a psychiatrist?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  Are you now or have you recently been

20   hospitalized or treated for narcotic addiction?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  Do you understand what's happening here

23   today?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Does either counsel have any doubt about

4

1   the competence of this defendant to plead guilty at this time

2   to the charge contained in the Indictment; Mr. Trabold?

3         MR. TRABOLD:  No, your Honor.

4         THE COURT:  Mr. Patton?

5         MR. PATTON:  No, sir.

6         THE COURT:  I find this defendant is competent to

7   plead.  Do you have a lawyer with you here today?

8         THE DEFENDANT:  Yes, sir.

9         THE COURT:  What's his name?

10        THE DEFENDANT:  Thomas Patton.

11        THE COURT:  Have you had a sufficient opportunity to

12  discuss your case with him?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  Are you happy with the work that he's

15  done for you?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  Do you understand that if you continue

18  to plead not guilty and do not change your plea, you would have

19  the right to be assisted by an attorney at the trial of the

20  charge against you?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Do you understand that if you did not

23  enter a guilty plea and that if you qualified financially, you

24  would be entitled to be assisted by an attorney at no cost to

25  you at every phase of the processing of these charges against

5

1  you?

2      THE DEFENDANT:  Yes, sir.

3      THE COURT:  Do you understand that if you did not

4  plead guilty and if there were a trial, under the Constitution

5  and laws of the United States, you would be entitled to a

6  speedy trial by a judge and jury on the charge contained in the

7  Indictment?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Do you understand that if there were a

10  trial, you would be presumed to be innocent at the trial of the

11  charge against you?

12      THE DEFENDANT:  Yes, sir.

13      THE COURT:  Do you understand that if there were a

14  trial, the government would be required to prove your guilt by

15  competent evidence and beyond a reasonable doubt before you

16  could be found to be guilty?

17      THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you understand that if there were a

19  trial, you would not have to prove that you were innocent?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Do you understand that if there were a

22  trial, the jury would have to be unanimous in order to find you

23  guilty of the charge?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you understand that if there were a

6

1  trial, you would have the right to participate in the selection

2  of the jury; you would have the right to strike or eliminate

3  any prospective juror if it was demonstrated that the juror

4  would be unable to render a fair and impartial verdict; and

5  that you would have the right to strike or eliminate ten jurors

6  from the jury and one alternate, without giving any reason at

7  all for so doing?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that if there were a

10  trial, the witnesses for the government would have to come to

11  court and testify in your presence?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you understand that if there were a

14   trial, your counsel could cross-examine the witnesses for the

15   government, object to evidence offered by the government and

16   then offer evidence on your behalf?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you understand that if there were a

19   trial, the government would have to pay witness fees to

20   witnesses which you wished to call on your behalf if you

21   qualified as being financially unable to pay such witness fees?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you understand that if there were a

24   trial, you would have the right to testify if you chose to?

25          THE DEFENDANT:  Yes, sir.


7


1          THE COURT:  Do you understand that if there were a

2   trial, you would have the right not to testify and that no

3   inference or suggestion of guilt could be drawn from the fact

4   that you did not testify?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  If you plead guilty and I accept your

7    plea, do you understand that you will waive your right to a

8    trial and the other rights I have just mentioned to you, that

9    there will be no trial, and that I will enter a judgment of

10   guilt and sentence you on the basis of your guilty plea after

11   considering a presentence report?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  If you plead guilty, do you understand

14   that you will also have to waive your right not to incriminate

15   yourself because I will ask you questions about what you did in

16   order to satisfy myself that you are guilty as charged and that

17   you will have to acknowledge your guilt?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Now that I mentioned your rights to you,

20   do you still wish to plead guilty?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you have a copy of the Indictment

23   naming you and have you discussed with your counsel the charge

24   in the Indictment to which you intend to plead guilty?

25          THE DEFENDANT:  Yes.

1          THE COURT:  Which counts is he pleading to?

2          MR. PATTON:  Counts One and Two, your Honor.

3          THE COURT:  Do you understand that you are charged

4   in Count One as follows:  "From in and around August, 2004, to

5   in and around November of 2004, in the Western District of

6   Pennsylvania, the defendant, Michael Kosteniuk, did knowingly

7   receive any visual depictions of a minor, that had been shipped

8   and transported in interstate commerce, specifically, by

9   computer, the production of which involved the use of a minor

10   engaging in sexually explicit conduct, and which depict a minor

11   engaging in sexually explicit conduct, as those terms are

12   defined in Title 18, United States Code, Section 2256.

13          In violation of Title 18, United States Code,

14   Section 2252(a)(2)."  Do you understand that charge?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand that as to Count One

17   in order for the crime of receipt of material depicting the

18   sexual exploitation of a minor, in violation of 18 U.S.C.

19   Section 2252(a)(2), to be established, the government must

20   prove all of the following essential elements beyond a

21   reasonable doubt.

22         One.  That the defendant knowingly received a visual

23   depiction of a minor in interstate or foreign commerce, by any

24   means, including by computer or through the United States mail.

25         Two.  That the production of such visual depiction

9

1    involved the use of a minor engaging in sexually explicit

2    conduct, as those terms are defined in Title 18, United States

3    Code, Section 2256, and that the defendant knew the visual

4    depiction was of a minor.

5          Three.  That the visual depiction is of such

6    conduct.  Title 18, United States Code, Section 2251(a)(2)(B).

7          Do you understand the elements as to Count One?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that you are charged

10   in Count Two as follows:  "From in and around August of 2004,

11   to in and around November of 2004, in the Western District of

12   Pennsylvania, the defendant, Michael Kosteniuk, did knowingly

13   possess visual depictions, namely, visual images in individual

14   computer graphics files, the production of which involved the

15  use of minors engaging in sexually explicit conduct, as those

16  terms are defined in Title 18, United States Code, Section

17  2256, and which depict minors engaging in sexually explicit

18  conduct, all of which had been shipped and transported in

19  interstate and foreign commerce, by means of a computer.

20      In violation of Title 18, United States Code,

21  Section 2252(a)(4)(B)."  Do you understand that charge?

22      THE DEFENDANT:  Yes, sir.

23      THE COURT:  Do you understand that in order for the

24  crime of possession of material depicting the sexual

25  exploitation of a minor, in violation of Title 18, United


10


1  States Code, Section 2252(a)(4)(B) to be established, the

2  government must prove all of the following essential elements

3  beyond a reasonable doubt.

4      One.  That the defendant knowingly possessed one or

5  more items, which contained a visual depiction of a minor

6  engaging in sexually explicit conduct.

7      Two.  That the item which contained the visual

8  depiction had been mailed, transported or shipped in interstate

9    commerce, or had been produced using materials which had been

10   mailed or transported or shipped in interstate commerce.

11          Three.  That the production of the visual depiction

12   involved the use of a minor engaging in sexually explicit

13   conduct, as those terms are defined in Title 18, United States

14   Code, Section 2256. Title 18, United States Code, Section

15   2252(a)(4)(B).  Do you understand the elements as to that

16   count?

17          THE DEFENDANT:  Yes, sir.

18          MR. PATTON:  With regard to the penalties, Mr.

19   Kosteniuk does not have any prior conviction that would trigger

20   the enhanced penalties.

21          THE COURT:  Are the penalties different?

22          MR. PATTON:  They are different for Counts One and

23   Two.

24          THE COURT:  All right.  Do you understand that the

25   maximum penalty at Count One is as follows:  Imprisonment of


11


1    not less than five years and not more than 20 years.

2    Recognizing what counsel said, but if the defendant has a prior

3   conviction under Title 18, United States Code, Chapter 71,

4   Chapter 109A, et seq., or under the laws of any state relating

5   to aggravated sexual abuse, sexual abuse, or abusive sexual

6   conduct involving a minor or ward, or the production,

7   possession, receipt, mailing, sale, distribution, shipment, or

8   transportation of child pornography, such person shall be fined

9   under this title and imprisoned not less than 15 years nor more

10   than 40 years.

11          A fine of $250,000.

12          A term of supervised release of up to life.

13          Any or all of the above.

14          As well as a mandatory special assessment of $100.

15          And restitution may be required in this case as to

16   Counts One and Two, together with any authorized penalty.

17          Do you understand the maximum penalty insofar as

18   Count One is concerned?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  As to Count Two, do you understand the

21   maximum penalty would be as follows:  Imprisonment of not more

22   than 10 years; but if such person has a prior conviction under

23   Title 18, United States Code, et seq., or under the laws of any

24   state relating to aggravated sexual abuse, sexual abuse, or

25  abusive sexual conduct involving a minor or ward, or the

12

1  production, possession, receipt, making, sale, distribution,

2  shipment or transportation of child pornography, such person

3  shall be fined under this title and imprisoned not less than 10

4  years nor more than 20 years.

5          A fine of $250,000.

6          A term of supervised release of up to life.

7          And any or all of the above.

8          A mandatory special assessment of $100.

9          As well as restitution, together with any authorized

10  penalty.

11          Do you understand the maximum penalty as to Count

12  Two?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Has anybody made any threat to you or to

15  anyone else that has forced you in any way to plead guilty

16  today?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  Has there been a plea agreement?

19        MR. TRABOLD:  No, your Honor.

20        THE COURT:  All right.  Do you understand that the

21   offense to which you are pleading guilty today is a felony

22   offense; that if your plea is accepted, you will be adjudged

23   guilty of that offense and that such adjudication may deprive

24   you of valuable civil rights, such as the right to vote, hold

25   public office, serve on a jury and the right to possess any

13

1   kind of firearm; do you understand that?

2        THE DEFENDANT:  Yes, sir.

3        THE COURT:  Under the Sentencing Reform Act of 1984,

4   the United States Sentencing Commission has issued guidelines

5   for judges to follow in determining sentences in criminal cases

6   for offenses occurring after November 1, 1987.  Have you and

7   Mr. Patton talked about how the Sentencing Guidelines may apply

8   to your case and the fact that the guidelines are now advisory

9   by virtue of Supreme Court decisions?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  And do you understand that the court

12   will not be able to determine the advisory guideline sentence

13  for your case until after the presentence report has been

14  completed and you and the government have had an opportunity to

15  challenge those facts reported by the probation officer?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  And do you understand that after it has

18  been determined what guideline sentence applies to a case, the

19  judge has the authority in some circumstances to impose a

20  sentence that is more severe or less severe than that called

21  for by those guidelines?

22       THE DEFENDANT:  Yes, sir.

23       THE COURT:  And do you understand that parole has

24  been abolished and that if you are sentenced to a term of

25  imprisonment, you will not be released on parole?


14


1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  Do you understand that if the sentence

3  is more severe than you expected, you will still be bound by

4  your guilty plea and that you will have no right to withdraw

5  it?

6       THE DEFENDANT:  Yes, sir.

7           THE COURT:  Except for your discussions with Mr.

8   Patton about the Sentencing Guidelines, has anybody made any

9   prediction or promise to you about what your sentence will be?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Has anything I have said here today

12  suggested to you what your actual sentence will be?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Have you been instructed by your

15  counsel, by government counsel, or by anybody else to respond

16  untruthfully to any question about a promised sentence?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  Did you, as charged in Counts One and

19  Two, and as previously read to you by me commit the offenses as

20  charged?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Mr. Trabold, what would be the

23  government's proof in the event this case proceeded to trial?

24          MR. TRABOLD:  Your Honor, on November 23rd of 2004,

25  the manager of operations in the Human Resource Department for

15

1  Caron Industries, which is located out in the Girard/Lake City

2  area, called the FBI to report that they believed an employee

3  of theirs, Michael Kosteniuk, was in possession of child

4  pornography on his work computer.  With that, Special Agent

5  Gerry Clark went to the business and obtained from them Mr.

6  Kosteniuk's work computer.

7          And subsequent to obtaining that computer,

8  Mr. Kosteniuk was interviewed on November 24th of 2004 by

9  Special Agent Clark and myself at the U.S. Attorney's Office.

10  During that course of that interview, Mr. Kosteniuk confessed

11  that he had been viewing and receiving child pornography on his

12  work computer.  And estimated that his work computer would

13  contain hundreds of images of child pornography.  He also

14  indicated that his interest in the material had been escalating

15  over time, especially in the two months previous to the

16  interview.

17          With that, a forensic computer examination was

18  conducted by the FBI, which revealed multiple images of child

19  pornography on Mr. Kosteniuk's work computer.  Specifically,

20  more than 10 images of child pornography.  And further revealed

21  that Mr. Kosteniuk had been accessing the Internet on his work

22  computer on a fairly consistent basis, as evidenced by the

23  information on the hard drive.

24          That would be the nature of the government's proof.

25          THE COURT:  You just heard what Mr. Trabold said by


                                16


1   way of a summary, do you agree with what he said?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Do you still wish to plead guilty?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Is it your advice he do so, Mr. Patton?

6           MR. PATTON:  Yes, sir.

7           THE COURT:  Mr. Kosteniuk, because you acknowledge

8   that you are in fact guilty as charged in Counts One and Two

9   and because you know about your right to a trial, and because

10  you are voluntarily pleading guilty, I will accept your guilty

11  plea and enter a judgment to your plea to Counts One and Two of

12  Indictment Number 05-8 Erie.

13          Therefore, it is the finding of the court in the

14  case of United States versus Michael Kosteniuk that the

15  defendant is fully competent and capable of entering an

16  informed plea, and that his plea of guilty is a knowing and

17  voluntary plea supported by an independent basis in fact

18  containing each of the essential elements and, therefore, the

19  plea is accepted and the defendant is now adjudged guilty of

20  the counts in the Indictment.  Would you please have counsel

21  and the defendant sign the change of plea.

22          (Whereupon, the Change of Plea is executed by the

23  Defendant and Defense Counsel.)

24          THE COURT:  A presentence report will be prepared,

25  Mr. Kosteniuk, by the probation office.  It is in your best


                            17


1  interest to cooperate with the probation officer in furnishing

2  information for that report because the report will be

3  important in my decision about what your sentence will be.  You

4  and your counsel have the right and you'll have an opportunity

5  to examine that report before sentencing.

6          Disposition of sentencing in this case is set for

7  June 14, 2006, at 10 a.m., in this courtroom.

8          Mr. Trabold, I'm informed that in advance of

9  sentencing it's not your intention to seek any other bond

10    conditions, is that correct?

11          MR. TRABOLD:  That's correct.  The bond conditions

12    as set I believe are sufficient, in that they prohibit Mr.

13    Kostenink contact with minors and also limits his Internet

14    access.

15          THE COURT:  Good, then we're done.

16

17          (Whereupon, at 10:19 a.m., the Change of Plea

18    proceedings were concluded.)

19

20

21                    - - -

22

23

24

25


                              18


1          C E R T I F I C A T E
           _ _ _ _ _ _ _ _ _ _

2

3

4

5      I, Ronald J. Bench, certify that the foregoing is a

6  correct transcript from the record of proceedings in the

7  above-entitled matter.

8

9

10

11

12  _____

13  Ronald J. Bench

14

15

16

17

18

19

20

21

22

23

24

25