IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, Plaintiff :
:
v. : Criminal No. 05-8E
:
MICHAEL KOSTENIUK Defendant :

Hearing in the above-captioned matter held on Wednesday, June 14, 2005, commencing at 1:50 p.m., before the Honorable Sean J. McLaughlin, at the United States Courthouse, Courtroom C, 617 State Street, Erie, Pennsylvania 16501.

For the United States of America:

Scott J. Tredwell, Esquire
Suite 800
1600 JFK Boulevard
4 Penn Center
Philadelphia, Pennsylvania 19103

For the Defendant:

Thomas Patton, Esquire
Federal Public Defender's Office
1111 Renaissance Centre
1001 State Street
Erie, Pennsylvania 16501

Reported by Heather E. Nass
Ferguson & Holdnack Reporting, Inc.

JUDGE MCLAUGHLIN: This is the time that has been set for sentencing in the United States versus Michael Kosteniuk. Am I pronouncing that correctly?

MR. KOSTENIUK: It's Kosteniuk.

JUDGE MCLAUGHLIN: First of all, there has been no objections filed to the calculations made by the probation officer, and, so, I enter the following findings. The total offense level applicable is 23, with a criminal history category of one. The statutory provision as to custody at Count 1, not less than five years to not more than 20-years imprisonment. At Count 2, not more than 10-years imprisonment; the guideline provision, 60 months.

The statutory provision as to probation at each of Counts 1 and 2, ineligible; the guideline provision, ineligible. The statutory provision as to supervised release, at each of Counts 1 and 2, any term or a life-term. Guideline provisions as to each of Counts 1 and 2, any term or a life-term. Statutory provision as to a fine at each of Counts 1 and 2, $250,000 for a total of $500,000. Guidelines provisions, $10,000 to $100,000.

Special assessment at each of Counts 1 and 2 of $100, for a total of $200 applies. As to the guidelines at each of Counts 1 and 2, $100, for a total of $200. Mr. Patton.

MR. PATTON: Your Honor, obviously, the suggested guideline range came out lower than the five-year mandatory

minimum. I understand Your Honor is bound by the five-year minimum. I would suggest that no sentence in excess of the mandatory minimum sentence is necessary. And, as we argued in our position with respect to sentencing factors, I would suggest that a three-year term of supervised release would be appropriate for Mr. Kosteniuk. That is, the term that would ordinarily be called for by the guidelines for this grade of offense.

With the Protect Act, the term of supervised release could be longer. But in Mr. Kosteniuk's case, I would submit that a longer term of supervised release than three years just would not be a wise use of the limited resources of the probation office.

He is not like some defendants we have in these kinds of cases that have a history of sex offenses and convictions of sex offenses. He has been on bond for over a year with no problems whatsoever. And, so, I would ask that Your Honor impose a three-year term of supervised release. I would ask that you recommend to the Bureau of Prisons that he be housed at FCI Elkton.

JUDGE MCLAUGHLIN: Is that for family reasons?

MR. PATTON: Yes. It is close to Erie, it is near Youngstown, Ohio.

JUDGE MCLAUGHLIN: And the record should also reflect I have received and reviewed correspondence, most recently

correspondence dated June 12th, 2006 from Dr. John Kalata, as well as correspondence afforded under cover of defense counsel, dated May 8th, 2006 from the Defendant's mother. And June 9th, 2006 from the Defendant's sister.

MR. PATTON: Your Honor, for those reasons we'd ask that you impose the 60 months with three years of supervised release. I agree with the presentence report that Mr. Kosteniuk does not have the ability to pay a fine in this case.

JUDGE MCLAUGHLIN: Does your client have anything he would like to say?

MR. PATTON: He would like to make a statement.

JUDGE MCLAUGHLIN: All right. Come up to the podium.

MR. KOSTENIUK: Sir, all I really want to say today is that I would like to apologize to my peers, my family, the people that I hurt through all of this. And I really wanted to thank the people that showed up here today to support me and have supported me through all of this. It has meant more to me than anyone will ever know. Thank you.

JUDGE MCLAUGHLIN: Mr. Tredwell.

MR. TREDWELL: Your Honor, the government's position with the term of supervised releases, and obviously, now we're in the context where Congress has indicated that in a certain class of cases, more than the typical term of supervised release is called for. Mr. Kosteniuk's case, I think, is one of those class of cases.

And I would submit that there are a few things in the presentence report that should give you pause and concern, and should cause you to impose a period of supervised release higher than a three-year period.

Number one, what is most concerning to me about this case is, Mr. Kosteniuk had this stuff on his work computer, which should lead anyone to the conclusion that he was having some difficulty maintaining his control of his desire to view this material. Obviously, it's quite a thing to view this material anywhere, but to view it at your place of employment is indicative to me of a person who has a much greater interest in the material than, perhaps, some other people do. That factor, in and of itself, I think, should cause you to put him on supervised release for longer than three years.

Additionally, what's also of concern to me is, the presentence report indicated that he had sought some sort of mental health counseling, I believe it says in 2002, for his addiction to pornography. Well, unfortunately, obviously, that counseling did nothing to prevent him from committing the offense we're here on today. Which also, I think, dovetails into his inability to control his compulsion, which is evidenced by indictment and his guilty plea; he has extreme difficulty doing that. Beyond that, Your Honor, the presentence report indicates and, in fact, imposes without objection the two-point increase of the offense level for the victim or the pictures of

the children in this case, some of which depict children under the age of 12.

All of those factors, I think, should cause you to conclude that the period of supervised release in this case should be longer than three years. Because you have -- because of the Protect Act you now have the unique ability to ensure that people like Mr. Kosteniuk, who obviously have a sexual interest in children, you have the ability to ensure that those type of people are under the Court's supervision for a length of time sufficient to ensure you that either they're trying or making some attempt to get help for their problem, or a length of time sufficient to satisfy you that the community is being protected, because the person is under an extended period of supervised release.

Mr. Kosteniuk is in that class of people that the Court most needs to protect society from, those people that have a sexual interest in children. And for that reason, in and of itself, as well as all of the other reasons, you should, without question, in my opinion impose a length of supervised release longer than three years at a minimum. And I would even ask you to impose a term of supervised release of life. Thank you.

JUDGE MCLAUGHLIN: Is there anything else from the Defendant, Mr. Patton?

MR. PATTON: Your Honor, Mr. Tredwell says that you need to have Mr. Kosteniuk under supervision for a length of

time that can show you that he can address his conduct of viewing child pornography. But as we point out in our papers, given the length of time he's been under pretrial supervision, under the condition that he not have access to a computer that's hooked up to the Internet for over a year -- actually, more like a year and a half -- he's been able to do that. He's going to be in prison for five years. If you put him on supervised release for three years, you're now over nine years where Mr. Kosteniuk will be under the supervision of the Federal Judicial System, and that is a very long period of time.

And if, during those three years of supervised release, he is violating the terms of his supervision by viewing child pornography, then the supervised release can be modified or revoked. And you can extend the term of supervised release that he is on.

So, I would submit that you are going to have Mr. Kosteniuk under a sufficiently lengthy period of supervision to make the determination that he will not engage in this type of conduct again. And so, I would say a term of life supervised release in this case is just kind of a little off the boards. Simply because that is the maximum allowed doesn't mean that that's the appropriate sentence. And nothing in the Protect Act or any federal law says that it's a requirement that he be placed on supervised release for any particular length of time, other than the minimum amount of time of three years.

So, this calls for an exercise of judgment on your part to say, look, based on what's going on in this case, a three-year versus a term of life supervised release is called for.

JUDGE MCLAUGHLIN: All right. In fashioning a sentence, I am first mindful of the fact that by virtue of the United States v. Booker and its prodigy, the guidelines are now advisory, except where you have mandatory minimum sentences, but they must also be taken into consideration.

In addition to that, I am required to consider other various factors, including the seriousness of the offense, the need for adequate deterrence, the protection of the public, the nature and circumstances of the offense, as well as the history and characteristics of the Defendant, the kind of sentences available, and the need to avoid unwanted sentencing disparity with defendants with similar records.

In fashioning this sentence then -- I have considered each of those factors in fashioning the sentence, which I am now going to impose.

Would you please stand, sir.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant, Michael Kosteniuk, is herby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months. Said term consists of 60 months at each of Counts 1 and 2 to be served concurrently.

Upon release from imprisonment, the Defendant shall be placed on supervised release for a term of 7 years, at each of Counts 1 and 2, to run concurrently.

Within 72 hours of release from the custody of the Bureau of Prisons the Defendant shall report in person to the probation office in the district to which this Defendant is released. While on supervised release the Defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions of supervision recommended by the Sentencing Commission, adopted by this Court, and shall comply with the following additional conditions:

The Defendant shall not illegally possess a controlled substance; the Defendant shall not posses a firearm or destructive device. The Defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. Further, the Defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, but not to exceed the actual cost.

The Defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter. The Defendant shall participate in mental health treatment programs and sex offender programs

approved and directed by the probation officer. The Defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including polygraph testing, to determine if he is in compliance with the conditions of release.

The Defendant shall not associate with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the Defendant's background and current offense, and who has been approved by the probation officer.

In accordance with 18 U.S.C., Subsections 3583(d) and 4042(c)(4), the Defendant shall report the address where he will reside and any subsequent change of address to the probation officer responsible for the Defendant's supervision. And further, the Defendant shall register as a convicted sex offender in the state where he resides, is employed, carries on a vocation, or is a student.

The Defendant shall not possess any materials, including pictures, photographs, books, writing, drawings, videos, or video games depicting and or describing child pornography as defined in Title 18 U.S.C. 2256(a).

The Defendant shall consent to a U.S. probation officer conducting a periodic unannounced examination of his computer systems, which may include retrieval and copying of all memory from hardware, software, or removal of such systems for the purpose of conducting a more thorough inspection, installed

on his computer at inspection; any hardware, software or monitor his computer use or present access to the particular terms. The Defendant shall hereby consent to inspection of any such installed hardware, software to ensure it's functioning properly.

The Defendant shall provide the U.S. probation office with accurate information about his entire computer system, hardware, software, all passwords used by him and his Internet service provider and will abide by the rules of computer and monitoring program. Defendant shall submit to his person, residence, place of business, computer, and/or vehicle to a warrantless search conducted and controlled by the probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband, or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other resident that the premises and his computer may be subject to search persuant to this condition.

The Defendant shall cooperate in the collection of DNA as directed by the probation officer.

It is further ordered that the Defendant shall pay the United States a special assessment of $200, which shall be paid to the United States District Court clerk forthwith. If the Defendant does not have the ability to pay a fine, therefore the -- Mr. Condi, let me see you at the sidebar.

(Side-bar taken.)

JUDGE MCLAUGHLIN: Now, do you understand that you do have the right to appeal the sentence which I impose, but if you choose to, you must do so within 10 days?

MR. KOSTENIUK: Yes, sir.

JUDGE MCLAUGHLIN: I also make a recommendation on the record that this Defendant be incarcerated at -- is it FCI Elkton, Mr. Patton?

MR. PATTON: E-L-K-T-O-N.

JUDGE MCLAUGHLIN: And I think you have a standard objection you'd like to make.

MR. PATTON: I have a couple. We would object to the condition of a supervised release that requires Mr. Kosteniuk to a polygraph examination. And I'm not clear, who was the authority that was able to do the polygraph testing; was it the probation office or some other law enforcement?

JUDGE MCLAUGHLIN: Let me see what the terms of the sentence say. I'll find it in here, but go on with your objections.

MR. PATTON: We object to the condition that he not possess any material that has sexually explicit content, to the extent that he's prevented from possessing pornography, other than child pornography, we would object to that.

There isn't any indication that Mr. Kosteniuk's possession of adult pornography would be harming anyone. We

also object to the condition that Mr. Kosteniuk agree to subject himself to warrantless searches based upon a reasonable suspicion. We believe the Supreme Court, this term, is deciding whether or not that is lawful or not. We would object to that condition. And would also object to the condition that he submit to DNA.

JUDGE MCLAUGHLIN: You can sit down. Let me see you at sidebar again.

(Side-bar taken)

JUDGE MCLAUGHLIN: Mr. Patton, with respect to your inquiry about the polygraph testing, I am informed by the probation officer that the probation office contracts that service out to an outfit. Do you know who is presently doing it?

MR. CONDI: At this moment, we use Dr. Paul Cofax which is an associate of Forensic Associates, Inc.

JUDGE MCLAUGHLIN: And I'm further informed that, in the event there was to be polygraph testing, it would be done with that individual or members of his employ and it would take place here, at the courthouse. With respect to the other objections that you've raised, those objections are overruled. I think it only -- did I mention the appeal period?

MR. PATTON: Yes, sir.

JUDGE MCLAUGHLIN: Then is there anything else?

MR. TREDWELL: Well, Your Honor, given the nature of

Mr. Kosteniuk's crime, the government would ask that he be taken into custody immediately.

JUDGE MCLAUGHLIN: That's the other thing.

MR. PATTON: Your Honor, we would object to that. He's been on bond for over a year and a half, including prior to the commitment and afterward, and there has been absolutely no violation whatsoever of any of the conditions of his supervision. And I would say that there should be no reason that he should not be allowed to self-report.

JUDGE MCLAUGHLIN: Is the government aware of any problems during his period of pretrial release?

MR. TREDWELL: I have no indication there's any problem with his period of release. But part of the point is that the case has been pending for a year and a half. He's clearly had a year and a half -- or a minimum of three months to get his affairs in order. There's absolutely no reason why a person facing a five-year jail sentence should be allowed to just walk out of here today, given the nature of what he's convicted of. I mean, he's had three months to get his affairs in order. What's the reason for him to be allowed to walk out of here.

MR. PATTON: Your Honor, it has a direct impact on the conditions of his confinement. The Bureau of Prisons calculates into their classification decision whether or not a person was allowed to self-report. The Bureau of Prisons actually has a

worksheets that they work up when they decide the security classification the Defendant falls in.

One thing that is specifically taken into account in that worksheet is whether the person is allowed to self-report. If they are not they basically get a zero in that box, if they're allowed to self-report, they get minus 30 points off, so it has a direct impact on that.

There is absolutely no evidence before you that Mr. Kosteniuk is not going to continue to follow the conditions of release that he has been under for over a year and a half. He knew he was looking at a 60-month mandatory minimum sentence, yet he stayed, continued to comply with the conditions of his bond. He is here before you today for his sentencing. If he was going to take off, this would have happened long before today, and the sentence he received today was no surprise to him.

And there's no reason he's not going to comply with those conditions, and therefore, he should be allowed to self-report.

JUDGE MCLAUGHLIN: I'm going to take just a short recess. Let me see the US Marshal and Mr. Condi in my chambers just real brief.

(Break taken.)

JUDGE MCLAUGHLIN: Mr. Condi, refresh my recollection, if you would, as to -- and, Mr. Patton, you can chime in here

as well. What are the current terms and conditions relative to his presentence release?

MR. PATTON: Your Honor, give me a second and I will --

JUDGE MCLAUGHLIN: Material ones.

MR. PATTON: Conditions of his release is that he report to all pretrial services in the manner it requires. Enter all pretrial services, avoid all contact directly or indirectly with minors. Only Internet access as permitted with a parent present. And he was allowed the travel modification, which, at normal, is limited to the Western District of Pennsylvania. Those were amended to allow some travel outside of the Western District for particular trips, and those have come and gone.

JUDGE MCLAUGHLIN: And with what frequency is he required to report, Mr. Condi?

MR. CONDI: As far as I'm aware, Your Honor, he's reporting once a month to the office.

JUDGE MCLAUGHLIN: Once a month.

MR. KOSTENIUK: And once a week by phone also.

MR. CONDI: And once a week by phone to an officer in Pittsburgh.

JUDGE MCLAUGHLIN: And why -- you said a year and a half this has been pending.

MR. TREDWELL: Your Honor, he was indicted in February

of 2005. The case has been pending for almost a year and a half. He's had three months to get his affairs in order. It really -- just because it's going to change his prison classification isn't a good enough reason not to have him report immediately. The protection of the community from an individual who has a demonstrated sexual interest in children should outweigh whether his classification is going to change when he goes into the Bureau of Prisons. And I am not really all that comforted by the fact that he has to call in to a pretrial service officer in Pittsburgh once a week. Well, does that cause anyone any comfort at all?

MR. PATTON: Your Honor, one of the reasons for the length of time this has gone, if you will recall, this is the first case in which you ruled on the issue of whether or not the government would be required to provide a mirror image of the hard drive in this type of case. And that was actually under advisement by this Court for quite a lengthy period of time, that issue.

And then, once Your Honor ruled on it, I had to make arrangements to find a different expert witness than I had intended to use. Based on the ruling, I was not able to use the expert I had used in the past. And then I actually had to do an examination of the hard drive, and so that was a large portion of the delay in this case.

And, Your Honor, the release -- the concerns of

release are, will a person report at this point in time to start serving his term of imprisonment that is required and to ensure the safety of the community. And the conditions that he has been under have protected the community for the past year and a half. Mr. Kosteniuk has not done any conduct that anyone here has identified to you, since the time that he was put on bond, that is a danger to the community.

He's followed his conditions of his bond. The offense he is convicted of committing involves using the computer to access and to view child pornography. There is no indication that he has done any of that type of conduct while he has been on bond, or that he has been a danger to anyone or himself.

And I submit, in a month and a half from now, he will be at FCI Elkton to start serving his sentence.

JUDGE MCLAUGHLIN: All right. Well, the concern is, in talking to probation, that the reporting periods -- the time in which the Bureau of Prisons is getting back is getting longer and longer, and that is a concern of mine. On the other hand, in this particular case, from what I have been able to glean, there have been no violations.

On the other hand, my concern with an open-end report is we could be out six months, two months, three months; some of them are going that long now.

MR. PATTON: Well, you can give a definite date for report.

JUDGE MCLAUGHLIN: That's exactly what I'm going to do. You are ordered to report here to United States Marshal, Bill Barton, two weeks from today. That would make it June 28th, I presume. Today is the 14th. All right, we are now adjourned.

(Sentencing concluded at 2:24 p.m.)

C E R T I F I C A T I O N

I, Heather E. Nass, a Court Reporter and Notary Public in and for the Commonwealth of Pennsylvania, do hereby certify that the foregoing is a true and accurate transcript of my stenographic notes in the above-captioned matter.

______________________________________

Notary Public

Dated:__________________________________