**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3178

UNITED STATES OF AMERICA

v.

MICHAEL KOSTENIUK,
    Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 05-cr-00008E)
District Judge:  The Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2007

Before: McKEE, BARRY, and FISHER, Circuit Judges

(Opinion Filed:  October 9, 2007)

OPINION

BARRY, Circuit Judge

    After pleading guilty to two counts of receiving and possessing child pornography, Appellant Michael Kosteniuk was sentenced to five years in prison and seven years of supervised release.  He now raises several challenges to the length of his supervised

release and to certain of the special conditions. We conclude that seven years of supervised release is not unreasonable, nor are the special conditions requiring Kosteniuk to submit to DNA and polygraph testing. With respect to the special condition that he not possess any materials depicting and/or describing "sexually explicit conduct," however, we will vacate and remand for resentencing consistent with our decision in *United States v. Voelker*, 489 F.3d 139 (3d Cir. 2007).

## I.

In 2004, Kosteniuk worked as a mechanical engineer at Caron Enterprises in Lake City, Pennsylvania. Between August and November of that year, at least four of his coworkers reported seeing inappropriate pictures on his computer screen. The human resources manager conducted a brief investigation, which revealed several illicit pictures saved on Kosteniuk's work computer. The FBI was notified, and a subsequent forensic examination found between 10 and 150 illicit images on the computer's hard drive.

On November 24, 2004, law enforcement authorities interviewed Kosteniuk. He admitted to downloading images of child pornography at work and estimated that "hundreds" of such images could be found on his work computer. He also admitted that he had been addicted to pornography for years, and that his interest in child pornography had escalated in the past two months.

Kosteniuk was indicted on two counts of receiving and possessing child pornography in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B). He ultimately pled guilty to both counts. On June 14, 2006, the District Court sentenced him to the statutory

minimum sentence of 60 months' imprisonment on each count, to run concurrently, followed by seven years of supervised release. This appeal followed.[1]

## II.

As with sentences imposing terms of imprisonment, we review sentences imposing terms and conditions of supervised release for reasonableness. *See United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006). Our review is guided by the factors set forth in 18 U.S.C. § 3553(a). *Id.* Among the factors that a district court must consider are the nature and circumstances of the offense and the history and characteristics of the defendant, the need for adequate deterrence and to protect the public, the need to provide the defendant with effective correctional treatment, the kinds of sentences available and the applicable sentencing range, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3583(c) (citing § 3553(a)). A court need not, however, discuss each factor if the record otherwise makes clear that the court took them into account at sentencing. *Smith*, 445 F.3d at 716.

A district court has broad discretion to impose special conditions of supervised release. *See id.* We will uphold such conditions as long as they reasonably relate to any of the factors set forth in § 3553(a). 18 U.S.C. § 3583(d)(1); *United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005). In addition, a special condition must involve "no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section

---

[1] Jurisdiction in the District Court was proper under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

3

3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d)(2) (referring to the need for adequate deterrence, to protect the public, and to provide the defendant with effective correctional treatment). Because "a condition with no basis in the record, or with only the most tenuous basis, will inevitably violate § 3583(d)(2)'s command that such conditions 'involve[ ] no greater deprivation of liberty than is reasonably necessary,' . . . a district court should state on the record its reasons for imposing any such condition." *Pruden*, 398 F.3d at 249.

### III.

We reject Kosteniuk's challenge to the reasonableness of his seven-year term of supervised release. Under the version of 18 U.S.C. § 3583(k) in effect at the time of the offense,[2] the District Court had discretion to impose any term of supervised release up to and including life. Several factors convince us that a seven-year term of supervised release was not unreasonable in this case. Kosteniuk's practice of viewing child pornography at work—as witnessed by at least four coworkers—indicates a lack of control over his compulsion. Some of the images found on his work computer, moreover, were of prepubescent children under the age of 12. *See* U.S.S.G. § 2G2.2(b)(2) (providing for a two-level sentencing enhancement for such conduct). He also sought and received mental health treatment for his addiction, but the treatment failed to prevent his addiction from escalating in the months prior to his arrest. Citing a lack of prior

---

[2] In 2006, Congress amended § 3583(k) to include a five-year statutory minimum term of supervised release for offenses under 18 U.S.C. § 2252.

convictions and the limited resources of the Probation Office, Kosteniuk argues that any term of supervision over three years would serve no useful purpose. Such generalized arguments, however, do not overcome the aforementioned aggravating factors, and we conclude that Kosteniuk has failed to demonstrate that a seven-year term of supervised release was unreasonable.

We likewise reject Kosteniuk's challenge to the special condition requiring him to submit DNA samples at the discretion of the probation officer. He contends that the condition is an unreasonable and suspicionless search in violation of the Fourth Amendment. We rejected this precise argument in *United States v. Sczubelek*, 402 F.3d 175, 181-87 (3d Cir. 2005), and we do so here, as well.

Kosteniuk also challenges a special condition requiring him to submit to polygraph testing that is, by its very terms, designed "to determine if [Kosteniuk] is in compliance with the conditions of release." (App. at 4.) In *United States v. Lee*, 315 F.3d 206, 217 (3d Cir. 2003), we rejected a challenge to a polygraph condition imposed for the same purpose. We found that polygraph testing could be beneficial in the Probation Office's supervision and treatment of appellant and did not involve any greater deprivation of liberty than was necessary to protect the public and rehabilitate the offender. "Since appellant is already directed to report periodically to the probation officer and provide truthful answers after he is released from imprisonment," we reasoned, "the additional requirement that [appellant] undergo polygraph testing does not place a significantly greater demand on him." *Id.* For largely the same reasons, we conclude that the District

5

Court did not abuse its discretion in imposing a polygraph condition.

Finally, we address Kosteniuk's challenge to the special condition of supervised release requiring that he "not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing 'sexually explicit conduct' as defined at 18 U.S.C. § 2256(2)."[3] (App. at 4.) In *United States v. Voelker*, 489 F.3d 139, 150-53 (3d Cir. 2007), we found that an identical condition had the effect of prohibiting appellant from possessing, not only illegal child pornography, but also legal adult pornography or possibly even non-pornographic materials, such as medical texts. Because the District Court in *Voelker* had failed to provide any explanation for the restriction, a restriction that raises serious First Amendment concerns, we vacated the condition and remanded for resentencing.

As in *Voelker*, the District Court here provided no explanation for prohibiting Kosteniuk from possessing any materials depicting and/or describing "sexually explicit conduct." Nor are we presently satisfied from our own independent examination of the record, *Voelker*, 489 F.3d at 150, that Kosteniuk's admitted addiction to pornography warrants such a broad restriction. We will, therefore, vacate the special condition and

---

[3] Subsection (2)(A) defines "sexually explicit conduct" as actual or simulated
   (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
   (ii) bestiality;
   (iii) masturbation;
   (iv) sadistic or masochistic abuse; or
   (v) lascivious exhibition of the genitals or pubic area of any person.
18 U.S.C. § 2256(2)(A).

remand for resentencing consistent with our opinion in *Voelker*. On remand, the Court should consider whether some narrower condition relating to pornography is appropriate.

**IV.**

For the foregoing reasons, we will affirm the seven-year term of supervised release and the special conditions requiring Kosteniuk to submit to polygraph and DNA testing. We will, however, vacate the special condition requiring him to refrain from possessing any materials depicting and/or describing "sexually explicit conduct," and will remand for further proceedings consistent with this opinion.